## WHAT EVIDENCE IR NECESSARY TO SUPPORT EXTRADITION.

Common Pleas Court of Franklin County.

IN RE THE EXTRADITION OF F. H. MUTCHLER.

Decided, March 2, 1909.

*Extradition—Prima Facie Case Required—That the Accused Stands Charged with a Crime, and also that He is a Fugitive from Justice—Court not Concluded by the Fact that the Governor has Issued a Warrant—Burden of Proof—Some of the Restrictions of Section 95, Revised Statutes, not Warranted by the Federal Constitution.*

Where extradition of an accused person is demanded, the authorities of the state making the demand must offer some proof to the effect that the accused is charged with the commission of a crime in the state making the demand, and also some proof that he is a fugitive from justice; and for want of such evidence presented to the Governor, or the court before whom the accused is brought, he must be dismissed.

*T. H. Clark,* for the Commonwealth of Virginia.
*T. J. Keating* and *G. L. Fuller,* contra.

BIGGER, J.

The case is before the court pursuant to the provisions of Section 97, Revised Statutes, F. H. Mutchler having been arrested by virtue of a warrant issued by the Governor of Ohio, addressed to the sheriff of this county, commanding him to arrest the said F. H. Mutchler and to bring him before any judge of the Supreme Court, circuit court, or common pleas court of this state, in whose district or jurisdiction the said Mutchler may be found.

The evidence submitted to the court upon the hearing, it is agreed by the parties, is the same evidence which was presented to the Governor and upon which the warrant was issued. It is admitted that F. H. Mutchler, named in the requisition papers is the person in the custody of the sheriff.

The evidence consists of the paper containing the demand of the Governor of Virginia, and a certificate of the commonwealth attorney of Henry county, Virginia, attached thereto, as well as a copy of an indictment against the said F. H. Mutchler returned by the grand jury of said Henry county, Virginia, and which the Governor certifies to be authentic and duly authenticated in accordance with the laws of Virginia.

It is claimed that the requisition papers do not comply with the provisions of our statute, Section 95 Revised Statutes. In so far as this statute is in furtherance of the provisions of the United States Constitution and laws, it is valid, but clearly, both upon reason and authority, in so far as it imposes any restrictions or additional requirements than those found in the United States Constitution and laws, it is of no force and effect, and without stopping to discuss this question further, I am of opinion that the proceedings are not defective because certain of the requirements of Section 95 were not complied with, because they do attempt to impose restrictions upon the exercise of this power by the executive of the state, which are not found in the federal Constitution and laws.

But there is another question which is more serious, and it is this: There was no evidence whatever before the Governor, and there is none before this court—the evidence here being the same as was submitted to the Governor—to show that the said F. H. Mutchler is a fugitive from justice. The language of the federal Constitution is, "A person charged in any state with treason, felony or other crime, who shall flee from justice and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime." Before a person whose extradition is demanded should be delivered up, two things are essential: first, that he be charged with a crime in the demanding state, and second, that he be a fugitive from justice. It is just as necessary that one of these facts be shown as the other. Upon this subject, Spear says at page 378:

"The words here placed in italics relate to the flights from justice. They are words of description, and as such, state a

fact which forms an essential part of the case, and which must be in every case of extradition authorized by the Constitution. It is not enough that the party is, in a proper judicial proceeding, charged with treason, felony, or other crime, since this of itself does not make the case specified. Nor is it enough that he is thus charged in one state and found in any other state, since this does not present the case stated in the Constitution. \* \* \* The flight from justice and the being found in another state than that in which the crime is charged to have been committed, present a distinct fact in the case, not identical with the charge and not necessarily involved in it or proved by it. And yet this fact exists in the case stated in the Constitution, and must hence be shown to exist when the provision is practically applied for the purpose of extradition.''

Again the same author says at page 387:

''Both the Constitution and the law of Congress by making the flight of the accused person a material part of the case, necessarily assume that some evidence of this fact will and must be presented in the first instance to the demanding governor, and if he deems it sufficient, then by him to the governor to whom he addresses his requisition. This evidence in respect to both governors, must be legal evidence; not mere hearsay or suspicion or mere rumor, and must hence be under oath and must at least be sufficient to create a *prima facie* case of flight. Without such evidence, it cannot be known to either governor that such a fact exists at all, and until this is reasonably known, there is no occasion for any action on the part of either.''

The same author quotes Judge Cooley to this effect:

''The Governor ought to have some showing under oath that the person demanded is in truth a fugitive from the state whose request is before him. This showing is as essential as is the evidence of the charge of crime, and is demanded no more by the fair import of the Constitution than by justice. Without it, as was shown in the case of the Mormon prophet, a man has no security against being sent to distant states to answer charges from which he could never have fled, because he was never there.''

In the case, *In re Samuel D. Jackson*, cited by Spear at page 388, Judge Withy of the United States District Court for the Western District of Michigan, in discharging a prisoner for the

want of any proof that he was a fugitive from justice, uses this language:

"It is as essential to the right of arrest and extradition to prove to the satisfaction of the Governor of Michigan that the person charged with crime has fled from justice, as to prove that he is charged with crime in such other state. * * * The evidence that the person has fled from justice must not only be satisfactory to the Governor, but must be legally sufficient, before the executive authority can be exercised. He cannot act upon rumor nor upon the mere reputation of the person, nor upon the demanding Governor's certificate. It should be sworn evidence such as will authorize a warrant of arrest in any other case." *

Without stopping to cite further decisions of courts other than our own state upon this point, my examination of the question satisfies me that the decisions of the courts both federal and state, are almost unanimous as to the necessity of proof that the person demanded is a fugitive from justice, which, of course, involves the fact of his presence in the demanding state and his flight therefrom. It is not necessary now to consider what constitutes flight, as that question is not now involved.

I come, therefore, to a decision of the cases in our own state, and especially of the decision of the Supreme Court of this state in the case *Ex Parte Sheldon.* The fourth paragraph of the syllabus is:

"After an alleged fugitive from justice has been arrested on an extradition warrant, he will not be dicharged on the ground that there was no evidence before the executive issuing the warrant, showing that the fugitive had fled from the demanding state to avoid prosecution."

If this be taken apart from the facts of the case, it would seem to support the contention of counsel representing the commonwealth of Virginia. But the syllabus of a case must be read in the light of the facts in the case. *Witty* v. *Lockwood*, 39th O. S., 141-145; *Shurard* v. *Lindsey*, 13 C. C., 315-321.

In the case *Ex Parte Sheldon*, there was an affidavit of the prosecuting attorney of Jackson county, Missouri, attached to the requisition, in which he made oath that said Sheldon is

a fugitive from justice from the said state of Missouri. Gillmore, Judge, said:

"While this does not in terms state that Sheldon had fled to avoid prosecution, it does state as a conclusion, that he is a fugitive from justice. And it was for the executive to put a contsruction upon this language before issuing the extradition warrant, and under these circumstances, the fugitive will not be discharged on the ground that there was no evidence before the executive issuing the warrant, showing that the fugitive had fled from the demanding state to avoid prosecution."

This decision, therefore, read in the light of the facts of that case, only decides that where there is sworn evidence before the Governor, that the person demanded is a fugitive from justice, while it involves the conclusion of the affiant, a fugitive from justice being one who flees to avoid prosecution, yet it will be held sufficient, and the person demanded will not be discharged on the ground that there was no evidence before the Governor to show that he had fled from the demanding state to avoid prosecution.

But suppose we give to it the broadest latitude, and hold that this decision means that when the case comes before a judge for hearing upon the charge, that in no case will the prisoner be discharged merely because there was no evidence whatever before the Governor that the person demanded was a fugitive from the demanding state, what rule is to govern this court in its decision, if there be no evidence offered upon the hearing before the court that the person demanded is a fugitive from justice? Will the court be concluded by the fact that the Governor has issued his warrant? That such is not the rule in Ohio is apparent from the decision of the Supreme Court in *Wilcox v. Nolze*, found in the same volume of the reports with the Sheldon case, the 34th O. S., at page 520.

In that case the court decided:

First. That the power of the judge to discharge an alleged fugitive from justice under the act of 1875 is essentially the same as under the habeas corpus act.

Second. The provisions of the Constitution of the United States, Article IV, Section 2, and the act of Congress, United

States Revised Statutes, Section 5278, which provide for the extradition of those who shall flee from justice and be found in another state, are confined to persons who are actually and not merely constructively present in the demanding state when they commit the acts charged against them. And in a proceeding on habeas corpus for discharge from arrest on a warrant of extradition issued by the Governor in compliance with the requisition of the Governor of another state, parol evidence is admissible to show that there had been no such actual presence of the accused in the demanding state.

In the last case as well as in the Sheldon case, the Governor had issued his warrant, and the person demanded had been arrested by virtue of the warrant. And yet the Supreme Court held the court would hear oral evidence upon the question as to the person demanded being a fugitive from justice of the demanding state, notwithstanding the Governor had issued his warrant.

I am of opinion that the Supreme Court did not mean to announce the broad rule that it was immaterial whether there was any proof before a Governor that the person demanded was a fugitive from justice; but if it did, it clearly did not mean that when a case was heard before the court, it was still immaterial whether there was any showing to the court that he was a fugitive from justice. Now, in this case, there is no evidence whatever that any person has made oath anywhere that the said F. H. Mutchler is a fugitive from justice. If this be an essential fact to the right of extradition, when is the person to have a chance to be heard upon that question, if not now? The courts of Virginia will not inquire whether he was rightfully or wrongfully extradited. It is a well settled principle that when a person is properly charged with crime, the courts will not inquire into the circumstances under which he was brought into the state and within the jurisdiction of the court. 12 *Am. & Eng. Ency. of Law*, page 607.

A detention which was originally illegal may afterwards become legal, and thus bar the prisoner's right to discharge, and this principle has been applied to the case of one who is kid-

napped or unlawfully taken in one state and delivered to the authorities of another. 15 *Am. & Eng. Ency. of Law*, 158.

It is evident, therefore, that unless the person sought to be extradited is entitled to demand that at least a *prima facie* case shall be made out against him, either before the Governor or the judge, before he shall be turned over to the agent of a foreign state, that he may be extradited without any proof whatever that he is a fugitive from justice, which is one of the two essential facts to be shown under the Constitution of the United States to warrant the extradition of a citizen of one state to another state. I do not believe that a fair construction of the decisions of the Supreme Court of this state requires us to hold that a citizen may be arrested and extradited without even a *prima facie* case being made as to one of the two essential facts to the right of extradition. In my opinian, the person demanded is not called upon to make any defense until, at least a *prima facie* case is made out against him.

The statute of this state, Section 97, requires the judge to hear and examine such charge, and upon proof made in such examination by him adjudged sufficient, shall commit such person to the jail of the county, etc. It will hardly be claimed that the person demanded shall make the proof against himself which is to satisfy the court that he ought to be committed to the jail of the county. But the proof must come from the other side. To hold that the person demanded shall assume the burden of proof that he is not a fugitive from justice, is to require him to assume the burden of proving a negative. In this case the averment is that he committed the crime in the year 1908 in the state of Virginia. The difficulty and practical impossibility of his being able to prove that he was not at any time in Virginia during the year 1908, illustrates the great difficulty and practical impossibility of such proof at the hands of the person demanded. If it is essential for the authorities demanding the extradition to offer some proof of the first fact, to-wit: that he is charged with crime in the state of Virginia, it is equally essential that some proof be offered that he is a fugitive from justice, and for the want of any evidence either before the

Governor or before this court upon that point, the court holds that there is a complete failure of proof upon one of the two facts essential to be shown to warrant the commitment of the said F. H. Mutchler to the jail of the county to be delivered to the agent of the state of Virginia, and for that reason he is discharged.